UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE No.:

**NELSON MORALES**

    **Plaintiff,**

vs.

**PEACE RIVER CITRUS PRODUCTS INC.,**

    **Defendant.**

_____/

## COMPLAINT

Plaintiff, NELSON MORALES (Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, PEACE RIVER CITRUS PRODUCTS INC. , in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action for damages in excess of Five Hundred Thousand Dollars ($500,000.00), exclusive of attorneys' fees, interest, and costs; and therefore, this action is within the jurisdiction of this Court. This action is brought by the Plaintiff for declaratory and injunctive relief and damages pursuant to the Florida Civil Rights Act of 1992, Florida Statute Section 760, et seq. ("FCRA"), to redress injury done to Plaintiff by the Defendant for discriminatory treatment on the basis of National Origin, Retaliation and a Hostile Work Environment.

2. This Court has jurisdiction over Plaintiff's claims pursuant to the FCRA.

3. Plaintiff was at all times relevant to this action, a resident of Polk County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FCRA.

1

4. Plaintiff was employed by Defendant, having a place of business in Polk County, Florida, where Plaintiff worked for Defendant.

5. Venue is proper in Polk County, Florida because all of the actions that form the basis of this Complaint occurred within Polk County, Florida and payment was due in Polk County, Florida.

6. Defendant was a "person" and/or "employer" pursuant to the Florida Civil Rights Act of 1992, *Fla. Stat. Section 760.01, et seq.* since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

7. At all times material hereto, Plaintiff was an "employee" within the meaning of the Florida Civil Rights Act of 1992, Fla *Stat. Section 760, et seq.* and it is subject to the employment discrimination provisions of the applicable statutes.

8. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, the agency responsible for investigating claims of employment discrimination. This charge was dually filed with the Florida Commission on Human Relations.

9. More than 180 days have passed since the filing of the Plaintiff's charge of discrimination and the Plaintiff has requested or otherwise obtained the Notice of Right to Sue. Plaintiff is now timely filing suit.

10. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

11. All conditions precedent for the filing of this action before this Court have previously been met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. Defendant, Peace River Citrus Products, Inc., employed Plaintiff as a Network/IT Systems Administrator at its Clower Facility from approximately August 9, 2021, until February 18, 2025.

13. Plaintiff's job duties included maintaining the company's computer systems, servers, network, printers, and camera systems.

14. Plaintiff is a 51-year-old Puerto Rican man.

15. Plaintiff initially reported to IT Director Dave Yarina, with whom he maintained a positive working relationship.

16. In late 2024, Mr. Yarina retired, and Tobias ("Toby") Trimble, a White American coworker, was promoted to IT Director and became Plaintiff's direct supervisor.

17. Before and after Mr. Trimble became Plaintiff's supervisor, he made discriminatory remarks about Plaintiff's Puerto Rican national origin.

18. Mr. Trimble asked Plaintiff if he was "afraid to be deported if Trump won the elections" and stated, "I don't trust your kind," referring to Plaintiff's Latino background.

19. Plaintiff also observed that Philip, the Director of Human Resources, made racially and ethnically derogatory remarks about Black and Latino employees.

20. For example, Philip remarked that "the main problem" with an employee named Greg was that "he is Black."

21. Philip frequently made such comments whenever there were investigations involving Black or Latino employees.

22. In or around November or December 2024, Plaintiff reported these discriminatory comments and related problems in writing to Cheryl from Human Resources. After submitting the written

report, Plaintiff verbally reported the comments and problems on approximately five additional occasions.

23. After Plaintiff filed his written complaint, the work environment became increasingly hostile and toxic.

24. On February 18, 2025, approximately two months after his complaint, Plaintiff was terminated from his employment.

25. During the lunch hour, when most employees were away, Plaintiff was approached in Plaintiff's office by Plant Director Charlie H. and Human Resources representative Sheryl H., who instructed Plaintiff to come into the plant office.

26. Plaintiff was told to gather his belongings and leave immediately, and was informed that his termination was effective immediately.

27. Plaintiff was not provided any verbal explanation for his termination, and the termination document merely stated that the reason was "performance."

28. Plaintiff never received any prior warnings, write-ups, or negative feedback about his performance during his employment.

29. On the contrary, Plaintiff's performance was consistently positive, and he received three raises during his tenure for his excellent work.

30. Plaintiff had worked at Peace River for approximately three years without any disciplinary issues.

31. Following his termination, Plaintiff was replaced by a White male named Austin (last name unknown), who had less experience than Plaintiff.

32. Plaintiff believes that his termination was motivated by national origin discrimination and retaliation for reporting discriminatory conduct.

33. Plaintiff further believes that his age (51 years) was an additional motivating factor in his termination.

34. Plaintiff also observed that White employees who had transferred from Coca-Cola received higher salaries and more favorable treatment than Latino or Black employees.

35. Plaintiff's termination followed a discriminatory internal investigation that concluded there was "no discrimination." The investigation was conducted by a White HR employee from another plant.

36. Plaintiff was a dedicated employee who had planned to retire with the company.

37. Plaintiff contends that the stated reasons for his termination were pretextual, and that he was terminated because of his Puerto Rican national origin, race, and in retaliation for his complaint of discrimination.

38. Throughout Plaintiff employment he was able to perform the essential functions of his job duties and responsibilities, and at all relevant times Plaintiff did perform his job at satisfactory or above-satisfactory level.

39. Any reason proffered by Plaintiff employer for the adverse employment actions is mere pretext for unlawful discrimination.

40. Plaintiff has retained the undersigned counsel so that his rights and interests may be protected and thus has become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I
*Discrimination Based on* **National Origin** *in Violation of the FCRA*

41. Plaintiff re-adopts and incorporates paragraphs 1 through 40 of this complaint as if set out in full herein.

42. At all times material hereto, Defendants failed to comply with the Florida Civil Rights Act of 1992 Florida Status Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individuals race, color, or national origin.

43. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action affecting the terms, conditions and privileges of one's employment, based upon national origin considerations or reasons.

44. Plaintiff is a member of a protected class under the FCRA.

45. By the conduct described above, Defendants has engaged in discrimination against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to national origin-based animosity.

46. Such discrimination was based upon the Plaintiff's national origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff's national origin is Puerto Rican.

47. Defendants violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of his national origin in the terms, conditions, and privileges of employment.

48. Defendants' conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendants and its supervisory personnel were aware that discrimination on the basis of national origin was unlawful but acted in reckless disregard of the law.

49. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendants.

50. Defendants retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

51. As a result of Defendants' actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

52. Moreover, as a further result of the Defendants unlawful national origin based discriminatory conduct, the Plaintiff has been compelled to file this action, and he has incurred the costs of litigation.

53. The representatives, and the Defendants' failure to make prompt remedial action to conduct of Defendants, by and through the conduct of its agents, employees, and/or prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under State law.

54. The actions of the Defendants and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to State law, to punish the Defendants for its actions and to deter them, and others, from such action in the future.

55. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendants' discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendants:

A. Adjudge and decree that Defendants has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights.

B. Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein.

C. Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

D. Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay.

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Retaliation in Violation of the FCRA*

56. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 40 above as if set out in full herein.

57. Defendant is an employer as that term is used under the applicable statutes referenced above.

58. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff engaged in a statutorily protected activity under the FCRA.

59. The foregoing unlawful acts by Defendant were purposeful.

60. Plaintiff is a member of a protected class because he engaged in a statutorily protected activity and was the victim of retaliation thereafter. There is a causal connection between the engagement of the statutorily protected activity, Plaintiff's complaints with Defendant, and the adverse employment action taken thereafter.

61. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

62. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position.

E. Reinstate full fringe benefits and seniority rights to Plaintiff.

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G. For a money judgment representing prejudgment interest.

H. Grant Plaintiff's costs of this action including reasonable attorney's fees.

I. Grant Plaintiff a trial by jury; and

    J.   Grant such other and further relief as the Court deems just and proper.

## COUNT III
### *Hostile Work Environment in Violation of the FCRA*

63. Plaintiff re-adopts each and every factual allegation as stated in 1-40 of this Complaint as if set out in full herein.

64. Defendant is an employer as that term is used under the applicable statutes referenced above.

65. The foregoing allegations establish a cause of action for unlawful discrimination after Plaintiff adversely affecting him under the FCRA.

66. Plaintiff as a Puerto Rican male, is within a protected class as envisioned by the FCRA.

67. During his employment with Defendant, Defendant subjected Plaintiff to unwelcome harassment.

68. The harassment Plaintiff endured by Defendant was predicated on Plaintiff being a Puerto Rican male, is within a protected class as envisioned by the FCRA.

69. The harassment was decidedly severe, as Defendant had continuously harassed at Plaintiff for his race, color and national origin.

70. The harassment Plaintiff endured was severe and pervasive where Plaintiff agonized going work as he continually feared the harassment. Such conduct occurred during each of Plaintiff's workdays (not isolated to a single occurrence), was demonstratively abusive, and altered the conditions as of Plaintiff's employment as he could not complete his duties in a timely and orderly fashion due to the abuse. Finally, the conditions of Plaintiff's employment were ultimately terminated.

71. Defendant is liable for this conduct, either vicariously or directly, because Plaintiff's supervisor had knowledge of the harassment and abuse, and no remedial or disciplinary action was undertaken.

72. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

73. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA by failing to remedy this hostile work environment; and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position.

E. Reinstate full fringe benefits and seniority rights to Plaintiff.

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G. For a money judgment representing prejudgment interest.

H. Grant Plaintiff's costs of this action including reasonable attorney's fees.

I. Grant Plaintiff a trial by jury; and

J.  Grant such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated: November 25, 2025                                        Respectfully submitted,

/s/: *Anthony M. Gregs-Pierre*
Anthony M. Gregs-Pierre, Esq.
Fla. Bar No.: 0533637
***REMER, GREGS-PIERRE, &***
***HOOGERWOERD, PLLC***
2745 Ponce de Leon Blvd
Coral Gables, FL 33134
(305) 416-5000- Telephone
**agp@rgph.law**